EXHIBIT A

Case 1:08-cv-00875    Document 1-2    Filed 02/11/2008    Page 2 of 12

03/08/2008 15:38 FAX 13127333707    Justin S. Randolph,Esq.    002/010
Case 1:06-cv-04156    Document 1    Filed 08/01/2006    Page 6 of 9

5350

IMAGED 02/27/2006
I705043

## IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS
## EIGHTEENTH JUDICIAL CIRCUIT

MIDLAND FUNDING NCC-2 CORP
    Plaintiff,

c/o Leon W. Moore
125 S. Wacker Dr., Suite 400
Chicago, IL 60606

vs.

STEPHANIE SYLVERNE

Case No.:

2006SC001148

Assigned To: 1003

**FILED**
Feb 23 2006 — 14:33 PM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

    Defendant(s)
of:
126 E WALLACE ST
BARTLETT IL    60103

### SMALL CLAIMS COMPLAINT

The Plaintiff claims as follows:

1. Plaintiff is authorized to do business in the State of Illinois and the defendant is a resident of DuPage County, Illinois.

2. The defendant opened a VISA CARD account with ASSOCIATES, account number 4223980061506271. The defendant promised to make monthly payments as specified in the Charge Agreement, for purchases charged to the account.

3. The defendant did make purchases and charges to the account, but failed to make the monthly payments called for on the account. There is an account stated in the amount of $ 2086.11
   (See Plaintiff's Exhibit No. 1)

4. Plaintiff is the assignee of said account from ASSOCIATES having purchased said account in the regular course of business in good faith and for value.

5. The defendant is in default on the account and plaintiff demands payment of the balance.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in the amount of
$ 2086.11 plus costs.

Signed and Sworn to before me
2/16 2006

_Ilda Mujakic_
Notary Public

OFFICIAL SEAL
ILDA MUJAKIC
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/05/08

Respectfully submitted,
MIDLAND FUNDING NCC-2 CORP

By: One of its attorneys

Blatt, Hasenmiller, Leibsker & Moore LLC -6850
Attorneys for Plaintiff
125 South Wacker Drive, Suite 400
Chicago, Illinois 60606
(866) 269-9858

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

BCDPGSC
CF89-43 (Rev. 9/91)

IMAGED 02/27/2006

1705043

Form 409 (Illinois & Indiana)

State of _____ )
                       ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding NCC-2 Corp - NC2,
                    Plaintiff

Vs.                                                 Affidavit

SYLVERNE, STEPHANIE,
                    Defendant

After first being sworn upon oath, NANCY VANZEE, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding NCC-2 Corp - NC2. I make the statements herein based upon my personal knowledge. Midland Funding NCC-2 Corp - NC2 is the current owner of, successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of all relevant financial information concerning Midland Credit Management, Inc.'s account number 8510503348, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding NCC-2 Corp - NC2 were retained on Midland Funding NCC-2 Corp - Midland Funding NCC-2 Corp - NC2 behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding NCC-2 Corp - NC2 the sum of $2,086.11.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's ASSOCIATES account number, 4223980061506271, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a principal balance of $2,086.11 on 2005-12-27; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 4 day of January, 2006.

NANCY VANZEE

_____
        Affiant's Signature

Ex #1

Case 1:08-cv-00875   Document 1-2   Filed 02/11/2008   Page 4 of 12
03/08/2006 19:05 FAX 13127333707   Justin G. Randolph, Esq.   ☑003/003
Case 1:06-cv-04156   Document 1   Filed 08/01/2006   Page 8 of 9

Form 409 (Illinois & Indiana)

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 04 day of January 2006 by NANCY VANZEE personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

Rosemary G Hammerding
Notary Public-Minnesota
My Commission Expires Jan. 31, 2010

Notary Public for the State of Minnesota

BLATT, HASENMILLER, LEIBSKER & MOORE

# EXHIBIT B

UNITED STATES OF AMERICA
STATE OF ILLINOIS   COUNTY OF DUPAGE
IN THE CIRCUIT COURT OF <u>EIGHTEENTH</u> JUDICIAL DISTRICT

Midland Funding NCC-2 Cor
S/I/I TO ASSOCIATES

      Plaintiffs

vs.

STEPHANIE SYLVERNE

      Defendant(s)

Case No. _____

2007SC008401

Assigned To: 2001

FILED
Oct 29 2007 - 7:12 AM

Chris Kachiroubas

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

## SMALL CLAIMS COMPLAINT

NOW COMES the Plaintiff, Midland Funding NCC-2 Cor S/I/I TO ASSOCIATES, by and through its attorneys, ADLER & ASSOCIATES, LTD., and for its complaint against the Defendant(s), STEPHANIE SYLVERNE, alleges and states as follows:

1. That at the specific instance and request of the Defendant(s) STEPHANIE SYLVERNE, Midland Funding NCC-2 Cor S/I/I TO ASSOCIATES issued to Defendant(s) a certain charge card account.

2. That Defendant(s) made various charges to said account since the date of issuance and, after accounting for any payments made, there remains an unpaid and past due balance in the sum $2,086.11, as set forth in Exhibit "A."

3. That demand for payment has been made upon Defendant(s) but Defendant(s) has/have failed or refused to pay said remaining balance.

4. That Plaintiff claims reasonable attorneys' fees in the sum of $0.00, as provided for in the cardmember agreement, if attached, together with accruing interest, pursuant to the same agreement, at the rate of 5% from June 30, 2000 until the date of judgment. That Plaintiff claims accrued interest of $731.28 to July 3, 2007.

WHEREFORE, Plaintiff, Midland Funding NCC-2 Cor S/I/I TO ASSOCIATES, prays judgment be entered in its favor and against the Defendant(s), STEPHANIE SYLVERNE, in the amount of $2,817.39, plus applicable interest and costs.

ADLER & ASSOCIATES, LTD.
BY: _____
For the Firm

Adler & Associates, Ltd.
Attorneys for Plaintiff
25 E. Washington St., #500
Chicago, IL 60602
(312)726-1814
Atty Code: 000020743
01-CF-25
T06345

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

Form 409 (Illinois & Indiana)

T06345

State of _____ )
             ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding NCC-2 Corp,
                    Plaintiff
Vs.                                                      Affidavit

STEPHANIE SYLVERNE,
           Defendant

After first being sworn upon oath, Amy Berscheit, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding NCC-2 Corp. I make the statements herein based upon my personal knowledge. Midland Funding NCC-2 Corp is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number 8510S03348, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding NCC-2 Corp were retained on Midland Funding NCC-2 Corp behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding NCC-2 Corp the sum of $2,086.11.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's ASSOCIATES account number, 4223980061506271, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $2,794.32 on 6/30/2000; and that such balance will continue to earn interest at a rate of 5% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

Form 409 (Illinois & Indiana)

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

Dated this 27 day of April, 2007.

Amy Berscheit

_____
Affiant's Signature

State of Minnesota
County of Stearns
Subscribed and sworn to (or affirmed) before me on this 27 day of April 2007
by Amy Berscheit personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

KRISTEN L. GEORGE
Notary Public-Minnesota
My Commission Expires Jan. 31, 2011

Notary Public for the State of Minnesota

Arthur B. Adler & Associates, Ltd.

# EXHIBIT C

NOTICE TO DEFENDANT

1. This case may be heard on the day for appearance specified in the summons.
2. If the complaint is not verified, you need not be notarized.
3. On the specified day, one of the following will...

Not less than 28 or more than 40 days after issuance of summons if amount claimed is in excess of $5000.
not less than 21 or more than 40 days after issuance of summons if amount claimed is $5000 or less;

MIDLAND FUNDING LLC

          Plaintiff

vs.

ALMA DAVIS

Amount Claimed: $ 4826.33 + costs

Return Date: 11-20-06

          Defendant(s)

## COMPLAINT

The Plaintiff, MIDLAND FUNDING LLC, claims as follows:

1. Plaintiff, MIDLAND FUNDING LLC, is a limited liability company and the Defendant(s), ALMA DAVIS,
        is a resident of COOK
County, Illinois.

2. The Defendant(s), ALMA DAVIS,
        opened a(n) MASTERCARD
account with EMERGE MASTERCARD, account number 5181890005088780 .

3. The Defendant(s), ALMA DAVIS,
        did make purchases and charged
same to the account, but the Defendant failed to make the monthly payments called for on the account. There is an account stated in the amount of $ 4826.33. See clients affidavit attached here to as Plaintiff's Exhibit No. 1.

4. Plaintiff, MIDLAND FUNDING LLC, is the successor in interest of said account from EMERGE MASTERCARD having purchased said account in the regular course of business in good faith and for value.

5. The Defendant(s), ALMA DAVIS,
        is in default on the account and
Plaintiff, MIDLAND FUNDING LLC, demands payment of this balance.

**WHEREFORE,** the Plaintiff, MIDLAND FUNDING LLC, prays for judgment against the Defendant(s), ALMA DAVIS,
        in the amount of $ 4826.33 plus costs.

                                            ATTORNEY FOR PLAINTIFF

Blatt, Hasenmiller, Leibsker & Moore, LLC
Attorney for Plaintiff
125 S. Wacker Dr., Suite 400
Chicago, Illinois 60606-4440
(866)269-9858
Ref# 1726483    PLTCOMPI

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

State of _____ )
                         ) ss.        In _____
County of _____ )                                          Court
                                      _____ Judicial (Circuit/District)

Midland Funding LLC - MFL,
                    Plaintiff

Vs.                                              Affidavit

DAVIS, ALMA,
                    Defendant

After first being sworn upon oath, BERNICE THELL, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding LLC - MFL. I make the statements herein based upon my personal knowledge. Midland Funding LLC - MFL is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of all relevant financial information concerning Midland Credit Management, Inc.'s account number 8511280025, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC - MFL were retained on Midland Funding LLC - Midland Funding LLC - MFL behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC - MFL the sum of $4,826.33.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's EMERGE MASTERCARD account number, 5181890005088780, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a principal balance of $4,826.33 on 2004-02-24; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 16 day of March, 2006.

BERNICE THELL

_____
            Affiant's Signature

Ex #1

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 16 day of March 2006 by BERNICE THELL personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)



Notary Public for the State of Minnesota

1L21
BLATT, HASENMILLER, LEIBSKER & MOORE